1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-3955-CRB
                                      )
   This document relates to           )
21                                    )  **PFIZER INC., PHARMACIA
   CHAD JAMES FLYNN, Individually on Behalf of )  **CORPORATION, AND G.D.
22 RONALD JAMES FLYNN, Deceased,      )  **SEARLE, LLC'S ANSWER TO
                                      )  **COMPLAINT
23           Plaintiff,               )
                                      )  **JURY DEMAND ENDORSED
24      vs.                           )  **HEREIN
                                      )
25 PFIZER, INC., PHARMACIA CORPORATION, )
   G.D. SEARLE LLC, and MONSANTO      )
26 COMPANY,                           )
                                      )
27           Defendants.              )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Decedent was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.     Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance

[1] Plaintiff's Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Bextra®. Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFF'S COMPLAINT at ¶ 6, Defendants assume Plaintiff means to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, marital status, and whether Plaintiff is Decedent's son or the Personal Representative of Decedent's Estate, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United Statesto be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    marketed and co-promoted Bextra® in the United States to be prescribed by healthcare

2    providers who are by law authorized to prescribe drugs in accordance with their approval by the

3    FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

4    vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

5    the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining

6    allegations in this Paragraph of the Complaint.

7    6.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933

8    Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

9    1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

10   to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

11   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

12   changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

13   in the agricultural business and does not and has not ever manufactured, marketed, sold, or

14   distributed Bextra®.  The 2000 Monsanto is not and has never been the parent of either Searle

15   or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold,

16   or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party

17   in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

19   incorporated by reference into Defendants' responses to each and every paragraph of the

20   Complaint referring to Monsanto and/or Defendants.

21                   **Response to Allegations Regarding Jurisdiction and Venue**

22   7.      Defendants are without knowledge or information to form a belief as to the truth of the

23   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

24   therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

25   in controversy exceeds $75,000, exclusive of interests and costs.

26   8.      Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

28   the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

2   exclusive of interests and costs.

3   9.      Defendant is without knowledge or information sufficient to form a belief as to the truth

4   of the allegations in this paragraph of the Complaint regarding the judicial district in which the

5   asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a

6   tort in the State of Minnesota or the State of California and deny the remaining allegations in

7   this paragraph of the Complaint.

8   10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9   and co-promoted Bextra® in the United States, including California and Louisiana, to be

10  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

11  with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

12  was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

13  and distributed Bextra® in the United States to be prescribed by healthcare providers who are

14  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

15  admit that they provided FDA-approved prescribing information regarding Bextra®.

16  Defendants admit that they do business in the State of California.  Defendants state that

17  Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

18  Defendants are without knowledge or information to form a belief as to the truth of such

19  allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  **Response to Allegations Regarding Interdistrict Assignment**

22  11.     Defendants state that this paragraph of the Complaint contains legal contentions to

23  which no response is required.  To the extent that a response is deemed required, Defendants

24  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

25  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

26  Panel on Multidistrict Litigation on September 6, 2005.

27  **Response to Factual Allegations**

28  12.     Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Decedent's medical condition and whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Bextra® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Decedent's medical condition and whether Decedent used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

16.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

17.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  vague and ambiguous. Defendants are without knowledge or information to form a belief as to

2  the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful

3  conduct and deny the remaining allegations in this paragraph of the Complaint.

4  24.    Plaintiff does not allege having used Celebrex® in her Complaint. Nevertheless,

5  Defendants admit that Celebrex® was launched in the United States in February 1999.

6  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

7  FDA-approved prescribing information. Defendants admit that, during certain periods of time,

8  Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

9  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

10  with their approval by the FDA. Defendants admit that, during certain periods of time,

11  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

12  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

13  providers who are by law authorized to prescribe drugs in accordance with their approval by the

14  FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

15  directed toward Defendants and, therefore, no response is required. To the extent a response is

16  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

17  allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants

18  therefore lack sufficient information or knowledge to form a belief as to the truth of such

19  allegations and, therefore, deny the same. Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  25.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

22  on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

23  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

24  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

25  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

26  ambiguous. Defendants are without knowledge or information to form a belief as to the truth of

27  such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in

28  this paragraph of the Complaint.

1    26.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

2    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

3    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

4    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

5    allegations in this paragraph of the Complaint.

6    27.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

7    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

8    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

9    the remaining allegations in this paragraph of the Complaint.

10    28.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

11    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

12    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

13    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

14    prescribing information.  Defendants state that the potential effects of Bextra® were and are

15    adequately described in its FDA-approved prescribing information, which at all times was

16    adequate and comported with applicable standards of care and law.  Defendants deny the

17    remaining allegations in this paragraph of the Complaint.

18    29.     Defendants state that Bextra® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendants state that the potential effects of

20    Bextra® were and are adequately described in its FDA-approved prescribing information,

21    which at all times was adequate and comported with applicable standards of care and law.

22    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

23    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

24    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

25    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

26    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

27    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

28    with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-3955-CRB

1   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

2   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

3   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4   the Complaint.

5   30.      Defendants state that the referenced article speaks for itself and respectfully refer the

6   Court to the article for its actual language and text. Any attempt to characterize the article is

7   denied. Defendants state that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information. Defendants deny the remaining allegations in

9   this paragraph of the Complaint.

10  31.      The allegations in this paragraph of the Complaint are not directed towards Defendants

11  and, therefore, no response is necessary. Should a response be deemed necessary, Defendants

12  state that the referenced article speaks for itself and respectfully refer the Court to the article for

13  its actual language and text. Any attempt to characterize the article is denied. Defendants deny

14  the remaining allegations in this paragraph of the Complaint.

15  32.      Defendants admit that the New Drug Application for Bextra® was filed with the FDA

16  on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November

17  16, 2001. Defendants deny any wrongful conduct and the remaining allegations in this

18  paragraph of the Complaint.

19  33.      Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which at all times was adequate and comported with applicable standards of care and law.

23  Defendants deny the allegations in this paragraph of the Complaint.

24  34.      Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

25  respectfully refer the Court to the Talk Paper for its actual language and text. Any attempt to

26  characterize the Talk Paper is denied. Defendants deny the remaining allegations in this

27  paragraph of the Complaint.

28  35.      Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Court to the article for its actual language and text.  Any attempt to characterize the article is

2    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    36.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

4    approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

5    sufficient information to confirm or deny such allegations and, therefore, deny the same.

6    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

7    the study for its actual language and text.  Any attempt to characterize the study is denied.

8    Defendants deny the remaining allegations in this paragraph of the Complaint.

9    37.    The allegations in this paragraph of the Complaint are not directed towards Defendants

10    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

11    state that the referenced article speaks for itself and respectfully refer the Court to the article for

12    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

13    the remaining allegations in this paragraph of the Complaint.

14    38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

15    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

16    admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

17    Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

18    referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

19    actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

20    deny the remaining allegations in this paragraph of the Complaint.

21    39.    Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

23    deny the remaining allegations in this paragraph of the Complaint.

24    40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

25    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

26    and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

27    Defendants deny the remaining allegations in this paragraph of the Complaint.

28    41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

1    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

2    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    42.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.    Defendants deny the allegations in this

6    paragraph of the Complaint.

7    43.    Defendants state that the referenced article speaks for itself and respectfully refer the

8    Court to the article for its actual language and text.    Any attempt to characterize the article is

9    denied.    Defendants deny any wrongful conduct and deny the remaining allegations in this

10   paragraph of the Complaint.

11   44.    The allegations in this paragraph of the Complaint are not directed towards Defendants

12   and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants

13   state that the referenced article speaks for itself and respectfully refer the Court to the article for

14   its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny

15   the remaining allegations in this paragraph of the Complaint.

16   45.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.    Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny the allegations in this paragraph of the Complaint.

21   46.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.    Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

26   allegations in this paragraph of the Complaint.

27   47.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.    Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-12-

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint.

5    48.    Defendants deny the allegations in this paragraph of the Complaint.

6    49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

8    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

9    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

10   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

11   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

12   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   state that the potential effects of Bextra® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.   Defendants are without knowledge or information

17   sufficient to form a belief as to the truth of the allegations regarding whether Decedent used

18   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

19   allegations in this paragraph of the Complaint.

20   50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

21   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

22   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

23   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

24   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

25   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

26   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Bextra® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  approved prescribing information, which was at all times adequate and comported with

2  applicable standards of care and law.  Defendants deny the remaining allegations in this

3  paragraph of the Complaint.

4  51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendants

12  state that the potential effects of Bextra® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendants admit, as indicated in the package insert

15  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

16  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

17  dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  52.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which at all times was adequate and comported with applicable standards of care and law.

22  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

23  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

24  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

25  that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

26  53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

27  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

28  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants deny the allegations in this paragraph of the Complaint.

58.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations

2   contained in this paragraph of the Complaint.

3   59.    Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

8   allegations in this paragraph of the Complaint.

9   60.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14  the Complaint.

15  61.    Defendants deny any wrongful conduct and deny the remaining allegations in this

16  paragraph of the Complaint.

17  62.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

23  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

24  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

25  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

26  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

27  with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

1    63.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

2    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

3    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

4    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

5    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

6    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

7    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

11    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

13    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

14    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15    accordance with their approval by the FDA.  Defendants admit, as indicated in the package

16    insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

17    symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

18    primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

19    allegations in this paragraph of the Complaint.

20    65.    Defendants state that Bextra® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants state that the potential effects of

22    Bextra® were and are adequately described in its FDA-approved prescribing information,

23    which was at all times adequate and comported with applicable standards of care and law.

24    Defendants are without knowledge or information sufficient to form a belief as to the truth of

25    the allegations regarding and whether Decedent used Bextra® and, therefore, deny the same.

26    Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

27    caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this

28    paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Answering the unnumbered paragraph following Paragraph 65 of the Complaint, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Decedent used Bextra® and, therefore, deny the same. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

66.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

67.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    this paragraph of the Complaint.

2    69.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that they had duties as are imposed by law but deny having breached such duties.

5    Defendants state that Bextra® was and is safe and effective when used in accordance with its

6    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

7    were and are adequately described in its FDA-approved prescribing information, which was at

8    all times adequate and comported with applicable standards of care and law.  Defendants deny

9    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

10    including all subparts.

11    70.    Defendants state that Bextra® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants state that the potential effects of

13    Bextra® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants are without knowledge or information sufficient to form a belief as to the truth of

16    the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.

17    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18    the Complaint.

19    71.    Defendants state that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Bextra® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24    the Complaint.

25    72.    Defendants state that Bextra® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

27    that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations

28    in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

76.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

78.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

79.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

2  allegations in this paragraph of the Complaint.

3  80.    Defendants state that this paragraph of the Complaint contains legal contentions to

4  which no response is deemed required.    To the extent a response is deemed required,

5  Defendants state that Bextra® was and is safe and effective when used in accordance with its

6  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

7  were and are adequately described in its FDA-approved prescribing information, which was at

8  all times adequate and comported with applicable standards of care and law.  Defendants deny

9  that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

10  of the Complaint, including all subparts.

11  81.    Defendants state that this paragraph of the Complaint contains legal contentions to

12  which no response is deemed required.    To the extent a response is deemed required,

13  Defendants state that Bextra® was and is safe and effective when used in accordance with its

14  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

15  were and are adequately described in its FDA-approved prescribing information, which was at

16  all times adequate and comported with applicable standards of care and law.  Defendants deny

17  any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

18  allegations in this paragraph of the Complaint.

19  82.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

24  caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this

25  paragraph of the Complaint.

26  83.    Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

3    allegations in this paragraph of the Complaint.

4    84.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

6    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

12   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

13   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

14   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

15   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

16   with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is

17   defective, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the

18   remaining allegations in this paragraph of the Complaint.

19   85.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny the remaining allegations in this paragraph of the Complaint.

24   86.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

26   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-22-

ANSWER TO COMPLAINT – 3:07-cv-3955-CRB

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny the remaining allegations in this paragraph of the Complaint.

3   87.    Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

5   deny the remaining allegations in this paragraph of the Complaint.

6   88.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

8   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph

13  of the Complaint.

14  89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

15  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16  90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

17  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

18  91.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

19  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

20  **Response to Third Cause of Action: Breach of Express Warranty**

21  92.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

22  Complaint as if fully set forth herein.

23  93.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

25  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants admit that they provided FDA-approved prescribing information regarding

2   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3   94.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

5   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants admit that they provided FDA-approved prescribing information regarding

10  Bextra®.   Defendants deny the remaining allegations in this paragraph of the Complaint,

11  including all subparts.

12  95.    Defendants deny the allegations in this paragraph of the Complaint.

13  96.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants admit that they provided FDA-approved prescribing information regarding

18  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19  97.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants admit that they provided FDA-approved prescribing information regarding

24  Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

25  the Complaint.

26  98.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

28  same.  Defendants admit that they provided FDA-approved prescribing information regarding

1    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

3    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4    100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

5    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6    101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

7    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

8                    **Response to Fourth Cause of Action: Breach of Implied Warranty**

9    102.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

10    Complaint as if fully set forth herein.

11    103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

13    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

15    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

16    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

18    paragraph of the Complaint.

19    104.    Defendants admit that they provided FDA-approved prescribing information regarding

20    Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

21    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

22    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

23    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

24    prescribing information.  Defendants deny the remaining allegations in this paragraph of the

25    Complaint.

26    105.    Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

28    same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

112.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

113.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which no response is deemed required.    To the extent a response is deemed required,

2    Defendants admit that they had duties as are imposed by law but deny having breached such

3    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    114.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10    Bextra® were and are adequately described in its FDA-approved prescribing information,

11    which was at all times adequate and comported with applicable standards of care and law.

12    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13    the Complaint, including all subparts.

14    115.    Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Bextra® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19    the Complaint.

20    116.    Defendants state that Bextra® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants state that the potential effects of

22    Bextra® were and are adequately described in its FDA-approved prescribing information,

23    which was at all times adequate and comported with applicable standards of care and law.

24    Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

25    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

26    117.    Defendants state that Bextra® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2   125.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

3   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4   126.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent

5   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6   **Response to Sixth Cause of Action: Unjust Enrichment**

7   127.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's

8   Complaint as if fully set forth herein.

9   128.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

11   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

13   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

14   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   129.   Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

19   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20   130.   Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

22   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   131.   Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the

25   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

27   this paragraph of the Complaint.

28   132.   Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Decedent used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Eighth Cause of Action: Wrongful Death

134.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

135.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff is the Personal Representative of Decedent's Estate, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3. At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4. At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5. Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6. Plaintiff's action is barred by the statute of repose.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventh Defense**

7.      If Plaintiff and Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff or Decedent and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Decedent's treating and prescribing physicians.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     If Plaintiff or Decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.     Plaintiff and Decedent's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiff and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.     Decedent knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-seventh Defense**

27.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitutions of the States of Minnesota and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-fifth Defense**

35.    Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Minnesota and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and Decedent and to the amount of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   compensatory damages, if any; (5) permits jury consideration of net worth or other financial

2   information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

3   by the trial court in post-verdict review of any punitive damages awards; (7) lacks

4   constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

5   otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

6   *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

7   *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

8   (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

10   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

11   and marketing of Bextra®, if any, used in this case, included adequate warnings and

12   instructions with respect to the product's use in the package insert and other literature, and

13   conformed to the generally recognized, reasonably available, and reliable state of the

14   knowledge at the time the product was marketed.

### Fortieth Defense

16   40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

17   manufactured and labeled in accordance with the state-of-the-art industry standards existing at

18   the time of the sale.

### Forty-first Defense

20   41.    If Plaintiff or Decedent have sustained injuries or losses as alleged in the Complaint,

21   upon information and belief, such injuries and losses were caused by the actions of persons not

22   having real or apparent authority to take said actions on behalf of Defendants and over whom

23   Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

25   42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

26   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

27   intended, and was distributed with adequate and sufficient warnings.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff or Decedent, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff or Decedent.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

ANSWER TO COMPLAINT – 3:07-cv-3955-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff or Decedent.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Plaintiff's claims for punitive damages are subject to all provisions of Minnesota law, including but not limited to Minnesota Statute 549.191.

**Fifty-ninth Defense**

59.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability

1  of all persons whose fault or other liability proximately caused Plaintiff and Decedent's alleged

2  injuries, losses or damages is attributable to each person;

3  5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

4  than an amount which equals their proportionate share, if any, of the total fault or other liability

5  which proximately caused Plaintiff and Decedent's injuries and damages; and

6  6.    That Defendants have such other and further relief as the Court deems appropriate.

7

8  November 7, 2007                                GORDON & REES LLP

9

10                                                 By:_____/s/_____

11                                                 Stuart M. Gordon
                                                   sgordon@gordonrees.com
12                                                 Embarcadero Center West
                                                   275 Battery Street, 20th Floor
13                                                 San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
14                                                 Fax:  (415) 986-8054

15  November 7, 2007                               TUCKER ELLIS & WEST LLP

16

17                                                 By:_____/s/_____

18                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
19                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA  90071-2223
20                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409
21
                                                   Attorneys for Defendants
22                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
23                                                 LLC

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## **JURY DEMAND**

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  November 7, 2007                    GORDON & REES LLP

6

7                                      By:_____/s/_____

8                                      Stuart M. Gordon
                                       sgordon@gordonrees.com
9                                      Embarcadero Center West
                                       275 Battery Street, 20th Floor
10                                     San Francisco, CA  94111
                                       Telephone:  (415) 986-5900
11                                     Fax:  (415) 986-8054

12

13  November 7, 2007                    TUCKER ELLIS & WEST LLP

14

15                                      By:_____/s/_____
                                       Michael C. Zellers
16                                     michael.zellers@tuckerellis.com
                                       515 South Flower Street, Suite 4200
17                                     Los Angeles, CA 90071-2223
                                       Telephone:  (213) 430-3400
18                                     Fax:  (213) 430-3409

19                                     Attorneys for Defendants
                                       PFIZER INC., PHARMACIA
20                                     CORPORATION, AND G.D. SEARLE
                                       LLC

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-3955-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111